CHAMPION MACHINE CO. v. ERVAY BROS.

(No. 6271.)

APPEAL from Dallas County. Opinion by WILLSON, J.

REEVES & CHOWNING, counsel for appellant.

McCORMICK & SPENCE, counsel for appellees.

**§ 136.** *Contract; clear, certain and distinct, not liable to modification by custom.* This suit was instituted in justice's court by appellees to recover of appellant $116.07, amount of freight charges, etc., paid by appellees on certain freight shipped to them by appellant to be sold under a written contract of agency. Appellees recovered judgment in justice's court, and also in county court, for the amount sued for, and costs. It is stipulated in the contract of agency that appellees should pay freight charges on said freight, keep the same well stored, and keep the same insured for the benefit of appellant, and, upon settlement, should hold subject to the order of appellant, and free of expense, such of said property as remained in the hands of appellee unsold. We see no ambiguity in the contract. It is plainly expressed and stipulated therein that appellees were to pay the freight charges on the property; and there is nothing in the contract which, expressly or by implication, obligates appellant to reimburse appellees for the charges paid by them. We think the trial court erred in admitting evidence to prove a custom variant from the plain meaning of said stipulation in the contract. A clear, certain and distinct contract is not liable to modification by proof of custom. If a custom be inconsistent with the contract, or expressly, or by necessary implication, contradicts it, it is not admissible. [1 Wait, Act. & Def., pp. 128, 129, § 20.] The judgment is reversed, and, it not being necessary that any fact should be ascertained, judgment is

here rendered for appellant against appellees for all costs in this suit incurred, and that appellees take nothing by their suit.

June 16, 1890.    Reversed and rendered.